UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

    139-58th St LLC,

                               Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 23-42151-jmm

Hon. Jil Mazer-Marino
United States Bankruptcy Judge

## ORDER CONFIRMING LCP NPL XI, 2019 LLC'S AND DEBTOR'S AMENDED JOINT PLAN OF REORGANIZATION FOR THE DEBTOR

Upon LCP NPL XI, 2019 LLC (the "Secured Creditor"), a secured creditor and mortgagee of 139-58th St LLC (the "Debtor" and together with Secured Creditor, the "Proponents"), the above captioned debtor and debtor-in-possession, and as interested parties in this Chapter 11 case (the "Bankruptcy Case"), having proposed and filed the Amended Disclosure Statement [ECF No. 43] (the "Disclosure Statement") to the Proponents' Amended Joint Plan of Reorganization for the Debtor [ECF No. 42] (the "Plan")[1], a copy of which is annexed hereto as **Exhibit "1"**, in the Bankruptcy Case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and a hearing to consider confirmation of the Plan having been held before this Court on May 15, 2024 (the "Confirmation Hearing") on notice to all holders of Claims against and Interests in the Debtor and other interested parties (collectively, the "Claimants"); and the Secured Creditor having timely served copies of the Plan, the Disclosure Statement, a confirmation hearing notice, and the order approving the Disclosure Statement (the "Disclosure Statement Approval Order") entered on April 5, 2024 [ECF No. 46], directing, inter alia, (i) approval of the Disclosure Statement, (ii) scheduling the Confirmation Hearing, (iii) the confirmation packages consisting of the Plan and Disclosure Statement, the Confirmation Hearing Notice and, Disclosure Statement Approval Order (the "Confirmation Package"), and (iv) approving the Bid Procedures, having been served on

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the Plan.

all Creditors and Interest Holders and notifying such parties of the deadline for filing objections to the Confirmation of the Plan in accordance with the Disclosure Statement Approval Order; and counsel to the Secured Creditor having filed a certificate of service [ECF No. 47] of the mailing of the Confirmation Packages Materials in accordance with the Disclosure Statement Approval Order; and the Secured Creditor, as a joint Proponent of the Plan, having given notice of the Confirmation Hearing to all Entities as indicated in the certificate of service thereof, and the Court having conducted the Confirmation Hearing on May 15, 2024; and upon the Declaration of Alan Leavitt in Support of Confirmation of the Plan [ECF No. 49]; and upon the Declaration of Stuart L. Kossar, Esq. in Support of Confirmation of the Plan [ECF No. 50] (the "Kossar Declaration"); and upon the Memorandum of Law in Support of Confirmation of the Plan with a draft of the proposed confirmation order annexed thereto [ECF No. 51]; and in the pleadings filed heretofore, and the record in this proceeding, and being otherwise fully advised, and this Court having found all required persons and Entities entitled thereto have received proper and timely notice of the Confirmation Hearing in accordance with the Disclosure Statement Approval Order, Section 1128 of the Bankruptcy Code and Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, and upon the record of the Confirmation Hearing held on May 15, 2024; and upon all the proceedings held before the Court in this Bankruptcy Case; and after due deliberation, and sufficient cause appearing therefor; and the solicitation of acceptances from holders of Claims and Interests in Class 1, Class 2, Class 3, and Class 4, and Class 5 being unnecessary pursuant to Section 1126(f) of the Bankruptcy Code, as all holders of Claims in such Classes are conclusively presumed to have accepted the Plan or are unimpaired as that term is defined in Section 1124 of the Bankruptcy Code,

**IT IS HEREBY FOUND, CONCLUDED and DETERMINED**, after notice and a hearing, that:

**Findings of Fact and Conclusions of Law**

1. <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2. The Plan complies with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure:

> a. <u>Proper Classification (§§ 1122 and 1123(a)(1))</u>. The classification of Claims and Interests under the Plan complies with Section 1122 of the Bankruptcy Code. The Claims or Interests placed in a particular class pursuant to the Plan are substantially similar to the other Claims or Interests, as the case may be, in such class.  Thus, the Plan satisfies this requirement.
>
> b. <u>Specific Unimpaired Classes (§ 1123(a)(2))</u>. Administrative Claims, and Classes of Claims classified in Classes 1, 2, 3, and 4 are unimpaired under the Plan.  Thus, the Plan satisfies this requirement.
>
> c. <u>Specific Treatment of Impaired Classes (§ 1123(a)(3))</u>.  The Disclosure Statement and the Plan specifies the treatment provided to the Claims or Interests, as the case may be, in all Classes under the Plan.  Thus, the Plan satisfies this requirement.
>
> d. <u>No Discrimination (§1123(a)(4))</u>. The Plan provides for the same treatment of each Claim or Interest in a particular Class without discriminating against any holders in those Classes.  Thus, the Plan satisfies this requirement.
>
> e. <u>Implementation of the Plan (§ 1123(a)(5))</u>. The Plan provides adequate means for the Plan's implementation.  As more fully specified in the Plan and the Disclosure Statement, under the Plan, the Property shall be sold pursuant to the Contract of Sale or at public auction.  The Plan satisfies this requirement by the distribution of sale proceeds to holders of Allowed Claims together with additional sources of funding for payment of claims as provided in the Plan.  Thus, the Plan satisfies this requirement.

f. Interests of creditors, equity security and public policy (§ 1123(a)(7)). The Plan discloses the individuals who are known that will serve as the Post-Confirmation Debtor's officers and directors. This is consistent with the interests of the creditors and equity security holders and with public policy with respect to the manner of selection of the Post-Confirmation Debtor's officers and directors. Thus, the Plan satisfies this requirement.

g. Executory Contracts and Unexpired Leases (§ 1123(b)(2)). All executory contracts and unexpired leases of the Debtor shall be rejected, unless the Successful Bidder on fourteen days (14) days' notice to the parties affected by such assumption and assignment, as specified in Article 5 of the Plan, files and serves an Assumption Notice, in which case the executory contracts and unexpired leases affected thereby may be assumed and assigned to the Successful Bidder, as may be provided in a separate order. Thus, the Plan satisfies this requirement.

h. The Proponents are in Compliance with the Bankruptcy Code (§ 1129(a)(2)). The Proponents complied with the applicable provisions of the Bankruptcy Code. The notice of the Confirmation Hearing to approve the Disclosure Statement and confirm the Plan and the date and time to assert objections to confirmation of the Plan were in compliance with: (i) the Disclosure Statement Approval Order, (ii) the applicable provisions of the Bankruptcy Code and (iii) the applicable Federal Rules of Bankruptcy Procedure. Thus, the Plan satisfies this requirement.

i. Plan is Proposed in Good Faith (§ 1129(a)(3)). The Plan has been proposed in good faith and not by any means forbidden by law. The Proponents' good faith is evident from the facts and record of this Bankruptcy Case, the Disclosure Statement, the Confirmation Hearing, the record of the Confirmation Hearing and other proceedings held in this Bankruptcy Case. Thus, the Plan satisfies this requirement.

j. Payments of Costs and Expenses (§ 1129(a)(4)). Any payment made or to be made by the Proponents and/or the Disbursing Agent, and/or the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incidental to the Bankruptcy Case has been or will be disclosed to the Court, and where appropriate pursuant to the Plan, has been approved by the Court or is subject to approval of this Court as reasonable. Thus, the Plan satisfies this requirement.

k. Insider Employees (§ 1129(a)(5)). The Plan provides for the sale of the Debtor's Property. The identity and affiliations of any the members of the Debtor will not change under the Plan, as the holders of interests

in the Debtor shall continue to retain and maintain such Interests in the Debtor and the Post-Confirmation Debtor following confirmation of the Plan. Janet Rush shall remain the Debtor's owner which is consistent with the interest of the creditors and equity security holders and with public policy. Thus, the Plan satisfies this requirement.

l. No Rate Change (§ 1129(a)(6)). No rate changes are provided for in the Plan that would require governmental regulatory commission approval. Thus, the Plan satisfies this requirement.

m. Best Interests of Creditors (§ 1129(a)(7)). Each holder of a Claim or Interest in each Class under the Plan will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies this requirement.

n. Plan Acceptance (§ 1129(a)(8)). There are no impaired Classes, other than Class 2 which is a Proponent of the Plan deemed to accept the Plan.

o. Plan Treatment of Administrative Claims and Priority Claims (§ 1129(a)(9)). Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Claims of a kind specified in Section 507(a)(2) of the Bankruptcy Code, which have not otherwise been paid previously, shall be satisfied and discharged by paying the holder thereof an amount equal to 100% of the Allowed Amount of such Claims, on the later of the Effective Date, the date payment of such Claim is due under the terms thereof or applicable law, or three business days after such Claim becomes an Administrative Claim. There are no Claims of a kind specified in Section 507(a)(1), (4), or (5) of the Bankruptcy Code. As to Section 507(a)(8) of the Bankruptcy Code, to the extent there are pre-petition property taxes owed by either Debtor, the Plan provides for payment in full of such property taxes on the Effective Date.

p. Acceptance of Impaired Class Under the Plan (§ 1129(a)(10)). Class 2 is deemed to have voted in favor of the Plan. Thus, the Plan satisfies this requirement.

q. Feasibility (§ 1129(a)(11)). By virtue of the sale of the Property, the Proponents have demonstrated that the Debtor will be able to meet the financial obligations under the Plan. Thus, the Plan satisfies this requirement.

   r. <u>Fees (§ 1129(a)(12))</u>. All fees and interest payable under 28 U.S.C. § 1930(a)(6) and (f) and 31 U.S.C. § 3717, have been paid as of the date hereof and any such fees and interest incurred post-confirmation will be paid from Available Cash, as the case may be, through the entry of a final decree <u>closing</u> this Bankruptcy Case, or until this Bankruptcy Case is converted or dismissed, whichever is earlier by the Disbursing Agent. Thus, the Plan satisfies this requirement.

   s. <u>Retiree Benefits (§ 1129(a)(13))</u>. The Debtor is not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code. Accordingly, this provision is not applicable to this Plan in this Bankruptcy Case.

   t. <u>No Other Plan (§ 1129(c))</u>. No other chapter 11 plan remains subject to consideration by this Court in the Case. Thus, the Plan satisfies this requirement.

   u. <u>Principal Purpose (§ 1129(d))</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of Section 5 of the <u>Securities</u> Act of 1933. Thus, the Plan satisfies this requirement.

  3. <u>Solicitation and Notice.</u> Pursuant to the Disclosure Statement **Approval (JMM)** Order, solicitation is not required but Confirmation Packages were transmitted and served in accordance with the terms of the Disclosure Statement Approval Order.

  4. <u>Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code.</u> The Proponents were not required to solicit acceptances of the Plan**.** ~~and having acted in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.~~ **(JMM)**

  5. <u>Voting.</u> As evidenced by the Kossar Declaration and the Disclosure Statement Approval Order, no solicitation is required. Secured Creditor is presumed to accept the Plan.

  6. <u>Judicial Notice.</u> The Court takes judicial notice of the docket in the Debtor's Bankruptcy Case and related proceedings maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and

6

all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Bankruptcy Case.

7. The foregoing findings and conclusions satisfy the requirements of Rule 7052 of the Federal Rules of Bankruptcy Procedure. A finding of fact shall operate as a finding of fact, no matter how denominated, and a conclusion of law shall operate as a conclusion of law, no matter how denominated. ~~All offers of proof and discussion on the record at the Confirmation Hearing shall constitute findings and conclusions with respect to this Order.~~ **(JMM)**

**IT IS HEREBY ORDERED THAT**:

1) The Plan, the terms and provisions of which are incorporated herein by reference as if fully set forth herein, be, and it hereby is, confirmed in all respects regardless of whether specific reference is made herein to a particular article, paragraph or provision of the Plan.

2) Objections to confirmation of the Plan, if any, unless previously withdrawn, shall be and hereby are overruled, for the reasons stated at the Confirmation Hearing.

3) To the extent of any inconsistency between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern.

4) The provisions of the Plan and this Order shall be, and they hereby are, binding upon the Debtor, the Secured Creditor, any holder of a Claim or Interest, and their agents, successors and assigns, whether or not the Claim or Interest is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan. The provisions of this Order shall be, and they hereby are, non-severable and mutually dependent.

5) Notwithstanding anything else in the Plan to the contrary, all executory contracts and unexpired leases of the Debtor shall be rejected unless assumed and assigned to the

Successful Bidder through the filing and service of an Assumption Notice as provided in section 5.1 of the Plan.

6) The Debtor is authorized and directed to execute, deliver, file, such contracts, instruments, releases, and other agreements or documents and take such actions and make such payments as may be necessary or appropriate to effectuate, implement or consummate the terms and conditions of the Plan as confirmed hereby, whether or not specifically referred to in the Plan and this Order, without further order of the Court.

7) As of the Confirmation Date, Law Office of Charles Wertman and Kriss & Feuerstein LLP, as the case may be under the Plan are approved to act as the Disbursing Agent under the Plan. The Disbursing Agent shall not be required to obtain a bond from a recognized surety company for any funds held following the Confirmation Date.

8) The Disbursing Agent shall hold all funds delivered to it in its capacity as Disbursing Agent, in escrow accounts, for disposition as provided in the Plan.

9) This Confirmation Order shall be a final determination as to the rights of all Claimants and Interest holders to participate in the distributions under the Plan (subject to the restrictions therein, including as to disputed claims, and subject to any objections that may be filed to a proof of claim or any amendments to the Debtor's schedules in accordance with the Bankruptcy Code and the Bankruptcy Rules, including under Sections 502(d) and 553 of the Bankruptcy Code), whether or not (a) a proof of claim or interest is filed or deemed filed under Section 501 of the Bankruptcy Code, (b) such Claim is an Allowed Claim, or (c) the holder of such Claim or Interest has accepted the Plan. The Disbursing Agent shall make payments and distributions to holders of Allowed Claims, only in accordance with the Plan and this Confirmation Order.

10) Any Pre-Petition or Post-Petition claims for which no proof of claim has been filed, resulting from violations against the Property by the City of New York or any other municipality that have arisen prior to the Effective Date shall attach to Sale proceeds and shall be paid and/or resolved by the Disbursing Agent, with all rights to otherwise object to any such claims preserved.

11) The Debtor and the Secured Creditor, and their agents and attorneys are hereby authorized, empowered and directed to execute, deliver and carry out all of the provisions of the Plan, and to perform such other acts as are necessary for the consummation of the Plan. In the event the Debtor fails to exercise the Payment Option on or before the Termination Date and/or there is a Termination Event and the Debtor refuses to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of the Property and the Property Causes of Action to the Successful Bidder and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of this Plan and if Debtor refuses to execute or deliver or join in the execution or delivery of any such instrument, the Secured Creditor shall be authorized to execute, deliver or join in the execution or delivery of such instrument on the Debtor's behalf.

12) Proof of Administrative Expense Claims and applications for approval of Professional Fees and expenses, shall be filed on or before fourteen (14) days (the "Admin. Bar Date") after the date ~~hereof~~ **of service of entry of this Order** **(JMM)**. The failure to file a proof of an Administrative Expense Claim or application for approval of Professional Fees and expenses by the Admin. Bar Date ~~shall~~ **may** **(JMM)** result in the disallowance of any such Administrative Expense Claim or Professional Fees and expenses. Copies of any applications for

approval of Professional Fees and request for payment of Administrative Expense Claims shall be served upon the United States Trustee.

13) The Disbursing Agent shall retain sufficient funds from Available Cash, as the case may be, to pay holders of all filed Claims as if the filed Claims were Allowed Claims until all Claim objections are determined by the Court and/or resolved as per the Plan, including sections 8.5 through section 8.9. In addition, the Disbursing Agent shall retain sufficient funds from Available Cash, as the case may be, to pay all Administrative Claims, including, but not limited to, post-petition tax Claims, any open accounts payable, professional fees, and Statutory Fees. The remainder of the Available Cash may be distributed as otherwise provided in the Plan.

14) The injunctions and releases provided set forth in Article 9 of the Plan are hereby approved and apply as provided therein.

15) Before substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Proponents and/or the Disbursing Agent may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan. Any material modifications to the Plan post-confirmation shall be subject to notice and an opportunity to object.

16) In accordance with Section 1146(a) of the Bankruptcy Code, the transfer or sale of the Property, the transfer of the deed conveying the Property in accordance with the Sale shall be an instrument of transfer in connection with or in furtherance of the Plan and shall not be subject to any tax under any law imposing a stamp tax, real estate transfer taxes, mortgage

recording tax or similar tax, and, to the extent provided by Section 1146(a) of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.

17) In the event the Debtor fails to exercise the Payment Option on or before the Termination Date and/or there is a Termination Event, any funds held by the Debtor as cash collateral and/or in the Debtor-In Possession Account shall be disbursed to Secured Creditor on the Effective Date.

18) Pursuant to Section 1142(b) of the Bankruptcy Code, and any federal, state municipality, county and local governmental agency or department, including the Office of the Register of Kings County, the Kings County Clerk's Office and any applicable Register's Office in the State of New York, shall record any document and instrument necessary or appropriate to effectuate the sale of the Property and the transactions contemplated by the Plan.

19) Any sale under the Plan, of the Property to the 3d Pty Buyer or the Successful Bidder is free and clear of all liens, claims and encumbrances (except the Secured Creditor's mortgage, which may be assigned to a lender to the Successful Bidder(s)) pursuant to 11 U.S.C. §§ 105(a) and 1123 subject to a separate sale order. Notwithstanding the foregoing, Secured Creditor's mortgage, at Secured Creditor's sole discretion, may also be assigned to a lender to the 3d Pty Buyer pursuant to 11 U.S.C. §§ 105(a) and 1123.

20) If the Secured Creditor is Successful Bidder (or Backup Bidder as the case may be) for the Property and there is no Auction, Secured Creditor shall submit a proposed order to the Court approving the Sale of the Property (the "Sale Approval Order").

21) If Secured Creditor is not the Successful Bidder, then Secured Creditor shall submit a declaration from the Broker, a purchase and sale agreement, and any additional declaration it deems necessary together with a Sale Approval Order to the Court.

22) If the Secured Creditor is the Successful Bidder through a credit bid on the Debtor's Property, on the Effective Date, the Secured Creditor shall deposit the funds necessary such that the Disbursing Agent can make the distributions required under the Plan to be made on the Effective Date for the Debtor. Such funds shall not be deemed to have been distributed to the Secured Creditor.

23) After the closing of the Sale, the Disbursing Agent shall file and serve on all creditors a notice stating that the Sale has closed. The notice of the sale closing and the notice of the Effective Date, as discussed below at paragraph 29, may be combined in the same notice. The notice of the sale closing shall be filed with the Court and served upon the U.S. Trustee by electronic mail within fourteen (14) days of the closing of the sale.

24) The Debtor, the Disbursing Agent and the Secured Creditor are hereby authorized to execute any and all documents, do any and all things and pay any and all sums necessary or required to effectuate the transactions approved or contemplated by this order.

25) This Court shall retain jurisdiction of this Bankruptcy Case and proceedings or matters therein under the provisions of the Bankruptcy Code, including, without limitation, Section 1142(b) thereof, and the Federal Rules of Bankruptcy Procedure, to ensure that the intent and the purpose of the Plan is carried out and given effect. Without limitation by reason of specification, this Court shall retain jurisdiction for the purposes set forth in Article 12 of the Plan. This Court shall also retain jurisdiction to: (i) enter a final decree closing the Bankruptcy Case and (ii) to hear and rule on any final professional fee applications.

26) The Debtor shall pay any unpaid United States Trustee quarterly fees arising under 28 U.S.C. § 1930(a)(6) and any applicable interest under 31 U.S.C. § 3717 from and after the Petition Date through the entry of a final decree closing this Bankruptcy Case or

until the Bankruptcy Case is converted or dismissed, whichever is earlier. To the extent the Debtor fails to exercise the Payment Option and/or there is a Termination Date and funds are insufficient to pay any U.S. Trustee fees following a public auction, Secured Creditor (or its assignee, nominee, or designee) will pay U.S. Trustee fees.

27)  The Debtor up to including the Effective Date and the Disbursing Agent after the Effective Date shall file post-confirmation quarterly status and disbursement reports in line with "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11, 85 FR 82905 (2020)" on or before the 20th day after the conclusion of the relevant quarter following the Effective Date. All post-confirmation quarterly status and disbursement reports have to be served on the U.S. Trustee and comply with the forms promulgated pursuant to 28 CFR § 58.8.

28)  The stay of this Order otherwise imposed by Bankruptcy Rule 3020(e) is hereby waived and this Order shall be deemed a final order, and the period in which an appeal must be filed shall commence immediately upon entry hereof.

29)  The Proponents shall file with the Court and shall serve notice of the occurrence of the Effective Date of the Plan on all Claimants and Interest holders, the United States Trustee, and other parties in interest, by causing notice thereof to be delivered to such parties by first-class mail, postage-prepaid, within five (5) business days after the occurrence of the Effective Date of the Plan, such notice being deemed adequate under the circumstances and no other or further notice thereof being deemed necessary.

30)  As of the Confirmation Date, except as otherwise provided in the Plan or this Order, all Persons that have held, currently hold or may hold a Claim, Equity Interest or other debt or liability that is treated pursuant to the terms of the Plan are enjoined from taking any of

the following actions on account of any such Claims, Equity Interests, debts or liabilities, other than actions brought to enforce any rights or obligations under the Plan or against the Debtor, the Proponents, the Estate, or Estate property: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff of any kind against any debt, liability or obligation; and (v) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

31) The Injunction, Releases, and the Limitation of Liability provided in sections 9.1 and 9.2 of the Plan, respectively, are approved and so-ordered and shall constitute and may be submitted as a complete defense to any claim or liability released thereby pursuant to Section 9.3 of the Plan.

32) Notwithstanding any other provision of this Order, the Occupancy Agreement annexed to the Contract of Sale is terminated upon closing of the Sale of the Property to the 3d Party Buyer and/or a Termination Event.

33) Pursuant to Local Bankruptcy Rule 3022-1, the Disbursing Agent shall file a report on the proposed closing of the Bankruptcy Case and a motion for a final decree with the Court (on notice to the U.S. Trustee) within 14 days following the full administration of the Debtor's estates.

34) Any payments made within three (3) business days of the Effective Date are and will be deemed to have been made on the Effective Date under the Plan.

35) The Debtor shall continue filing monthly operating reports through the Effective Date of the Plan, including filing any reports that were due and outstanding as of the date of this Order.

36) The Receiver shall be discharged of his duties as a receiver as of the date of the closing of the sale of the Property in which he is in custody, possession and control, and shall have no further duties and/or responsibilities with respect to the management and/or preservation of the Property. The Receiver, the Debtor or the Secured Creditor, may present this Order to the Court handling the Foreclosure Action to authorize the discharge of the Receiver's duties in the Foreclosure Action. In addition, the Debtor or the Secured Creditor, to the extent necessary, may present this Order to the Court handling to the Foreclosure Action in support of dismissal of the Foreclosure Action and a discharge of the Receiver's bond.



Dated: May 21, 2024
      Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge

# EXHIBIT 1

# PLAN